IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

RODNEY D. COLLINS, on Behalf of
Himself and All Others Similarly Sitauted                    PLAINTIFF

v.                       No. 4:11-cv-761-DPM

SEECO, INC.; DESOTO GATHERING
COMPANY, LLC; SOUTHWESTERN ENERGY
PRODUCTION COMPANY; SOUTHWESTERN
ENERGY COMPANY; and SOUTHWESTERN
ENERGY SERVICES COMPANY                                       DEFENDANTS


PROTECTIVE ORDER

Joint motion for protective order, *Document No. 24*, granted. The Court approves the parties proposed protective order with minor changes. The Court issues this Order to facilitate document disclosure and production under the Local Rules and the Federal Rules of Civil Procedure. Unless modified under the terms of this Order, this Order shall remain in effect through the conclusion of this litigation.

1. "Confidential Information" means documents or information containing confidential proprietary and business information, trade secrets, of information pertaining to persons not parties to this action that a party reasonably believes may only be disclosed with restriction in order to avoid

violating the privacy or confidentiality rights of those non-parties. Confidential information that bears significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation.

The parties to this litigation may assert that public dissemination and disclosure of confidential information could severely injure or damage the party disclosing or producing the confidential information and could expose that party to potential liability or place that party at a competitive disadvantage. At this time, Counsel for a party receiving confidential information is without sufficient information to accept the representations made by a party producing confidential information as to the confidential, proprietary, or trade secret nature of the confidential information.

2. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the Court orders as follows:

A. Documents or discovery responses containing confidential information disclosed or produced by any party in this litigation are referred to as "protected documents." Except as otherwise indicated below, all

documents or discovery responses designated by the producing party as confidential and which are disclosed or produced to the attorneys for the other parties to this litigation are protected documents and are entitled to confidential treatment as described below.

Protected documents shall not include advertising materials, materials that on their face show that they have been published to the general public, or documents that have submitted to any governmental entity without request for confidential treatment.

B. At any time after the delivery of protected documents, counsel for the parties receiving the protected documents may challenge the confidential designation of all or part of the documents by providing written notice to counsel for the party disclosing or producing the protected documents. If the parties are unable to agree as to whether the confidential designation of discovery material is appropriate, the parties receiving the protected documents shall certify to the Court that the parties cannot reach an agreement. The party disclosing or producing the protected documents shall then have ten days to file a motion for protective order with regard to the protected documents in dispute. The party producing the protected

documents has the burden of establishing that the disputed documents are entitled to confidential treatment. If the party producing the protected documents does not timely file a motion for protective order, then the documents in dispute will no longer be subject to confidential treatment as provided in this Order.

All protected documents are entitled to confidential treatment pursuant to the terms of this Order until and unless the parties formally agree in writing to the contrary, a party fails to timely move for a protective order, or a contrary determination is made by the Court as to whether all or a portion of a protected document is entitled to confidential treatment.

C. Protected documents and any information they contain shall be used solely for the prosecution of this litigation and shall be disclosed only to qualified persons. Otherwise, they shall not be used, shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever. Qualified persons include:

(a) Representatives of the party receiving the protected documents who are involved in the management of the lawsuit;

(b) Counsel of record in this action for the party receiving protected documents or any information they contain;

(c) Employees of that counsel (including experts and investigators) assigned to and necessary to assist counsel in the preparation and trial of this action; and

(d) The Court.

D. Counsel of record for the party or parties receiving protected documents may create an index of the documents and furnish it to attorneys of record who represent or have represented parties involved in litigation about the claims alleged in this suit against the party disclosing or producing the protected documents. The index may only identify the document, date, author, and general subject matter of any protected document, but it may not reveal the substance of the document. Counsel for the party receiving protected documents shall maintain a current log of the names and addresses of persons to whom the index was furnished.

E. The term "copy" means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of that document or thing.

F.  To the extent that protected documents or the information they contain are used in depositions, at hearings, or at trial, those documents and information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony or trial testimony referring to the protected documents or information

, Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all designated confidential information designated shall remain confidential and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of that testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

G.  Nothing in this Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege or the work-product immunity. If information subject to a claim of attorney-client privilege or work-product immunity is inadvertently produced, that production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any privilege or immunity. If any party inadvertently produces materials protected under the attorney-client privilege or work-product

immunity, the holder of that privilege or immunity may obtain the return of those materials by complying with Federal Rule of Civil Procedure 26(b)(5)(B). Nothing in this Order shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work-product immunity by complying with Federal Rule of Civil Procedure 26(b)(5)(B). Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Further, inadvertent or unintentional production of documents or information containing confidential information that are not designated confidential shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

H. The party receiving protected documents shall not under any circumstances sell, offer for sale, advertise, or publicize protected documents or any information contained therein.

I. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the

protected documents for enforcement of the provisions of this Order for a period of three years after termination of this litigation.

J. Upon termination of this action by dismissal, judgment, or settlement, counsel parties receiving protected documents shall return them to the counsel for the party disclosing or producing the protected documents or, alternatively, certify to counsel for the producing party that the protected documents have been destroyed. The party or parties receiving the protected documents shall keep their attorney work product that refers or relates to any protected documents. Attorney work product may be used in subsequent litigation provided that this use does not disclose protected documents or any information contained therein.

K. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

L. This Order may be modified with leave of Court and upon a showing of good cause by one or more parties.

So Ordered.

*/s/ W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2012